**NOT FOR PUBLICATION**

**FILED**

MAY 17 2024

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2868 |
| Plaintiff - Appellee, | D.C. No. 2:18-cr-00039-MCE-1 |
| v. | |
| MARK A. RICHARDS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted May 15, 2024**
San Francisco, California

Before: S.R. THOMAS, CALLAHAN, and SANCHEZ, Circuit Judges.

Defendant-Appellant Mark A. Richards appeals the district court's denial of

his motion for compassionate relief.  Richards pleaded guilty to advertising child

pornography in violation of 18 U.S.C. § 2551(d), and was sentenced to 210 months

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

imprisonment. After serving approximately thirty percent of his sentence, Richards moved for compassionate release based on his terminal diagnosis of end-stage kidney disease. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court's discretion to grant or deny a motion for compassionate release "is controlled by three substantive considerations":

> First, the district court must determine whether extraordinary and compelling reasons warrant a sentence reduction. Second, the court must evaluate whether a reduction would be consistent with applicable policy statements issued by the Sentencing Commission. Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case.

*United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (cleaned up)*; see* 18 U.S.C. § 3582(c)(1)(A). A court "may deny compassionate release if a defendant fails to satisfy any of these grounds." *Wright,* 46 F.4th at 945. We review the district court's denial of a motion for compassionate release for an abuse of discretion. *Id.* at 944.

The district court did not abuse its discretion in denying Richards's motion for compassionate release. The court acknowledged his end-stage renal disease as a terminal illness, but found that his medical condition did not constitute an "extraordinary and compelling reason" to justify release because Richards suffered from many of the same ailments at his sentencing, which the court knew "would likely deteriorate over time" and considered in its original sentencing.

Even if Richards's terminal medical condition constitutes an "extraordinary and compelling reason," we find no abuse of discretion in the district court's application of the § 3553(a) factors to determine that Richards's particular circumstances did not warrant a reduction in sentence. *See id.* at 945. The district court considered the "utmost seriousness" of his offense, the small fraction of his 210-month custodial sentence he had served, and the danger Richards posed to the community and the need to protect the public. The court emphasized the public safety factor, observing that Richards is technologically sophisticated and capable of reoffending even in his poor health, and has demonstrated a willingness to do so in the past even while under federal investigation. On this record, we cannot conclude that the district court's discretionary determination was illogical, implausible, or without support in inferences that may be drawn from the record. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

**AFFIRMED.**